1  David J. McGlothlin, Esq. (SBN: 026059)
   david@southwestlitigation.com
2  **Hyde & Swigart**
3  5343 N. 16th Street, Ste. 460
   Phoenix, Arizona 85016
4  Telephone:   (602) 265-3332
   Facsimile:    (602) 230-4482
5

6  Attorneys for the Plaintiff
   Diana Heaivilin
7

8

9

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Diana Heaivilin,<br><br>                    Plaintiff,<br><br>v.<br><br>Check & Credit Reporting Inc. dba CCR & Associates, Southern Tier Agency, Inc., and Richard Cerrone,<br><br>                    Defendants. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

_HYDE & SWIGART_
Phoenix, Arizona

1   collection practices are not competitively disadvantaged, and to promote

2   consistent State action to protect consumers against debt collection abuses.

3   2.   Diana Heaivilin, (Plaintiff), through Plaintiff's attorneys, brings this action to

4   challenge the actions of Check & Credit Reporting Inc. dba CCR &

5   Associates, Southern Tier Agency, Inc., and Richard Cerrone, ("Defendants"),

6   with regard to attempts by Defendants to unlawfully and abusively collect a

7   debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

8   3.   Plaintiff makes these allegations on information and belief, with the exception

9   of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which

10   Plaintiff alleges on personal knowledge.

11   4.   While many violations are described below with specificity, this Complaint

12   alleges violations of the statutes cited in their entirety.

13   5.   Unless otherwise stated, Plaintiff alleges that any violations by Defendants

14   were knowing and intentional, and that Defendants did not maintain

15   procedures reasonably adapted to avoid any such violation.

16   6.   Defendant Check & Credit Reporting Inc. dba CCR & Associates, and

17   Defendant Southern Tier Agency, Inc. were employees or agents of Defendant

18   Cerrone, acting within the course and scope of their employment and there

19   was a causal nexus between said Defendants' acts and said Defendants'

20   employment. Consequently, any actions by Defendant Check & Credit

21   Reporting Inc. dba CCR & Associates, and Defendant Southern Tier Agency,

22   Inc. were the actions of Defendant Cerrone, vicariously, under the doctrine of

23   Respondeat Superior, or other vicarious liability theories, and Defendant

24   Cerrone is liable for those acts.

25   **JURISDICTION AND VENUE**

26   7.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §

27   1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

28

HYDE & SWIGART
Phoenix, Arizona

8.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

9.   Because Defendants do business within the State of Arizona, personal jurisdiction is established.

10.  Venue is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

11.  Plaintiff is a natural person who resides in the City of Scottsdale, County of Maricopa, State of Arizona.

12.  Defendants are located in the City of Cheektowaga, the County of Erie, and the State of New York.

13.  Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14.  Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

15.  Plaintiff is informed and believes all actions by Defendants were made by Richard Cerrone, or taken at his express direction.

**FACTUAL ALLEGATIONS**

16.  At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

17.  At all times relevant, Defendants conducted business within the State of Arizona.

18.  Sometime before July 23, 2010, Plaintiff is alleged to have incurred certain financial obligations.

HYDE & SWIGART
Phoenix, Arizona

19. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. Sometime thereafter, but before July 23, 2010, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

21. Subsequently, but before July 23, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

22. On or about July 23, 2010, Defendants telephoned Plaintiff and demanded payment of the alleged debt.

23. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

24. During this July 23, 2010, call Defendants left a voicemail. In this voicemail, Defendants stated that Plaintiff needed to call Defendants immediately or they were going to prosecute her and take her to court.

25. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

26. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

27. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken.   Consequently, Defendants violated 15 U.S.C. § 1692e(5).

28. Defendants failed to disclose in this initial communication with the consumer that Defendants were attempting to collect a debt and that any information

HYDE & SWIGART
Phoenix, Arizona

HYDE & SWIGART
Phoenix, Arizona

1 obtained would be used for that purpose, or failed to disclose in subsequent

2 communications that the communication from a debt collector.  Consequently,

3 Defendants violated 15 U.S.C. § 1692e(11).

4 29. Through this conduct, Defendants placed a telephone call without meaningful

5 disclosing of the caller's identity.   Consequently, Defendants violated 15

6 U.S.C. § 1692d(6).

7 30. Through this conduct, Defendants used an unfair or unconscionable means to

8 collect or attempt to collect any debt.  Consequently, Defendants violated 15

9 U.S.C. § 1692f.

10 31. Through this conduct, Defendants were collecting an amount (including any

11 interest, fee, charge, or expense incidental to the principal obligation) when

12 such amount was not expressly authorized by the agreement creating the debt

13 or permitted by law.   Consequently, Defendants violated 15 U.S.C. §

14 1692f(1).

15 32. Through this conduct, Defendants engaged in conduct the natural

16 consequence of which was to harass, oppress, or abuse a person in connection

17 with the collection of a debt. Consequently, Defendants violated 15 U.S.C. §

18 1692d.

19 33. Defendants failed within five days after its initial communication with

20 Plaintiff, to provide written notification containing a statement that unless

21 Plaintiff, within thirty days after receipt of that notice, disputed the validity of

22 the debt, or any portion thereof, Defendants would assume the debt was valid,

23 or failed within five days after its initial communication with Plaintiff to

24 provide a written notice containing a statement that if Plaintiff notified

25 Defendants in writing, within the thirty-day period that the debt, or any

26 portion thereof, was disputed, Defendants would obtain verification of the

27 debt or a copy of a judgment against Plaintiff and a copy of such verification

28 or judgment would be mailed to Plaintiff by Defendants and that Defendants

1   would provide Plaintiff with the name and address of the original creditor.

2   This omission by Defendants violated 15 U.S.C. § 1692g.

3   34.   Defendants then proceeded to call Plaintiff's father, a third party, as that

4   phrase is anticipated by 15 U.S.C. §1692c(b).  This communication to a third

5   party was without prior consent, or the express permission of a court of

6   competent jurisdiction, or as reasonably necessary to effectuate a post

7   judgment judicial remedy, and was in connection with the collection of the

8   alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a

9   consumer reporting agency, the creditor, the attorney of the creditor, or the

10   attorney of the debt collector.  This communication to this third party was not

11   provided for in 15 U.S.C. § 1692b.  By making said communication to a third

12   party, Defendants violated 15 U.S.C. § 1692c(b).

13   35.   During this call to Plaintiff's elderly father, Defendants disclosed they were

14   collecting a debt, and stated that Plaintiff was in legal trouble. They then left a

15   phone number subsequently determined to be Defendants' phone number.

16   36.   Through this conduct, Defendants communicated with a person other than the

17   consumer for the purported purpose of acquiring location information and

18   failed to identify himself, or state that was is confirming or correcting location

19   information concerning the consumer, or identified his employer without

20   express request.  Consequently, Defendants violated 15 U.S.C. § 1692b(1).

21   37.   Defendants communicated with a person other than the consumer for the

22   purported purpose of acquiring location information and stated that the

23   consumer owed a debt. Consequently, Defendants violated 15 U.S.C. §

24   1692b(2).

25   38.   Through this conduct, Defendants used a false, deceptive, or misleading

26   representation or means in connection with the collection of a debt.

27   Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. §

28   1692e(10).

HYDE & SWIGART
Phoenix, Arizona

1   39.   Through this conduct, Defendants made a false representation concerning the
2         character, amount, or legal status of a debt. Consequently, Defendants
3         violated 15 U.S.C. § 1692e(2)(A).

4   40.   Through this conduct, Defendants threatened to take action that cannot legally
5         be taken or that is not intended to be taken. Consequently, Defendants
6         violated 15 U.S.C. § 1692e(5).

7   41.   Through this conduct, Defendants were collecting an amount (including any
8         interest, fee, charge, or expense incidental to the principal obligation) when
9         such amount was not expressly authorized by the agreement creating the debt
10        or permitted by law. Consequently, Defendants violated 15 U.S.C. § 1692f(1).

11  42.   Through this conduct, Defendant engaged in conduct the natural consequence
12        of which was to harass, oppress, or abuse a person in connection with the
13        collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

14  43.   Plaintiff then returned Defendants' call.

15  44.   During this conversation, Plaintiff explained the alleged debt had been
16        discharged in bankruptcy.

17  45.   Defendants then stated that Defendants already knew the debt was discharged
18        in bankruptcy, and that Defendants were "Going after [Plaintiff] for wire and
19        mail fraud." Defendants went on to state it did not matter that Plaintiff filed
20        bankruptcy, they still "had a right to go after [Plaintiff] anyways!"

21  46.   Through this conduct, Defendants used a false, deceptive, or misleading
22        representation or means in connection with the collection of a debt.
23        Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. §
24        1692e(10).

25  47.   Through this conduct, Defendants made a false representation concerning the
26        character, amount, or legal status of a debt.   Consequently, Defendants
27        violated 15 U.S.C. § 1692e(2)(A).

28

HYDE & SWIGART
Phoenix, Arizona

48. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken.   Consequently, Defendants violated 15 U.S.C. § 1692e(5).

49. Through this conduct, Defendants used a false representation or implication that a consumer committed a crime or used other conduct in order to disgrace the consumer.  Consequently, Defendants violated 15 U.S.C. § 1692e(7).

50. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendants violated 15 U.S.C. § 1692f.

51. Through this conduct, Defendants was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendants violated 15 U.S.C. § 1692f(1).

52. Through this conduct, Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692d.

53. Due to Defendants actions concentrated in a short amount of time, overwhelmed Plaintiff, causing her to suffer actual damages in the form of mental anguish including nervousness, stress, anxiety, loss of sleep, and fear of answering the telephone, feelings of hopelessness, guilt, helplessness, irritability, and restlessness, all impacting her personal relationships.

**CAUSES OF ACTION**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692 ET SEQ.**

54. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

56. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II

### NEGLIGENT TRAINING AND SUPERVISION

57. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

58. Defendant Cerrone was negligent in the training, and/or supervision of its employees.

59. The actions and omissions of Defendant Cerrone constitute negligence in that Defendant Cerrone owed Plaintiff a duty to train, and/or supervise its employees properly, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiff.

60. The actions and omissions of Defendant Cerrone as described herein constitute grossly negligent, training, and/or supervision in that Defendant Cerrone owed Plaintiffs a duty to train, and/or supervise its employees properly, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiff, and the actions and omissions of Defendants Cerrone demonstrate a want of scant care and an indifference to the rights of Plaintiff. The actions of Defendant Cerrone were willful, malicious, and wanton. The actions of Defendant Cerrone were highly unreasonable and demonstrate an extreme departure from ordinary care.

//

HYDE & SWIGART
Phoenix, Arizona

Complaint — 9 of 10 —

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendants, and Plaintiffs be awarded damages from Defendants, as follows:

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692 ET SEQ.**

61.   An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

62.   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from each Defendant;

63.   An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

**COUNT II**

**NEGLIGENT TRAINING AND SUPERVISION**

64.   An award of all actual and compensatory damages.

**TRIAL BY JURY**

65.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.


Date: August 26, 2010                    **Hyde & Swigart**

By: /s/ David J. McGlothlin
David J. McGlothlin
Attorney for the Plaintiff

HYDE & SWIGART
Phoenix, Arizona